UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Daniel L. Rittner, Sr.,                        Case No. 3:17-cv-01903

        Plaintiff

v.                                         MEMORANDUM OPINION
                                                 AND ORDER

Kandice Simpson, et al.,

        Defendants

## BACKGROUND AND HISTORY

*Pro se* Plaintiff Daniel L. Rittner, Sr. filed this action under 42 U.S.C. § 1983 against Allen Correctional Institution ("ACI") Corrections Officer Kandice Simpson, and ACI Unit Manager Shawn Wakefield. In the Complaint, Plaintiff alleges Simpson ordered him to clean tables in January 2016, despite medical restrictions. He contends that on January 26, 2016 Wakefield ordered him to perform any job Simpson had ordered him to complete and threatened him with additional work if he did not comply. He asserts claims for deliberate indifference to serious medical needs and retaliation. He indicates Simpson was fired from her job. He seeks monetary damages and injunctive relief.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. For the reasons stated below, that Application is denied.

## 28 U.S.C. § 1915(g)

Pursuant to 28 U.S.C. § 1915(a), a court may authorize the commencement of an action without prepayment of fees if an applicant has shown by affidavit that he satisfies the criterion of

poverty. Prisoners, however, become responsible for paying the entire amount of their filing fees and costs from the moment they file the Complaint. 28 U.S.C. § 1915(b). When an inmate seeks pauper status, the only issue for the Court to determine is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. *Id.* Moreover, absent imminent danger, the benefit of the installment plan is denied to prisoners who have on three or more prior occasions, while incarcerated, brought an action that was dismissed on the grounds that it was frivolous, malicious or failed to state a claim upon which relief could be granted. 28 U.S.C. § 1915(g). This three strikes provision applies to parolees and individuals on post release control who, like Plaintiff, are confined to a halfway house or other treatment facility as a condition of their release. *See Jackson v. Johnson,* 475 F.3d 261, 265-67 (5th Cir. 2007);*Wilson v. U.S. Atty. Gen. Office*, No. 1:09-CV-13394, 2009 WL 3872144, at *1 (E.D. Mich. Nov. 17, 2009); *Carruthers v. Mills*, No. 06-2259-B/P, 2007 WL 676718, at *1 (W.D. Tenn. Mar. 1, 2007).

In interpreting the "three strike" language of this section, the Sixth Circuit has held that "where a Complaint is dismissed in part without prejudice for failure to exhaust administrative remedies and in part with prejudice because 'it is frivolous, malicious, or fails to state a claim upon which relief may be granted,' the dismissal should be counted as a strike under 28 U.S.C. § 1915(g)." *Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007). Dismissals of actions entered prior to the effective date of the Prisoner Litigation Reform Act also are counted toward the "three strikes referred to in 28 U.S.C. § 1915(g)." *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998).

As the language of 28 U.S.C. § 1915(g) indicates, the three strike provision will not apply if a "prisoner is under imminent danger of serious physical injury." The imminent danger exception "is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Vasbinder*, No. 08-2602, 2011 WL 1105652, at *3 (6th Cir. March 28, 2011). For purposes of determining whether a pleading satisfies this exception, the Court considers whether the Plaintiff is in imminent danger at the time of the filing of the Complaint. *Vandiver,* 2011 WL 1105652 at *2

2

(noting that "the plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing"). Although the Sixth Circuit has not offered a precise definition of "imminent danger," it has suggested that the threat of serious physical injury "must be real and proximate." *Rittner v. Kinder*, No. 06–4472, 2008 WL 3889860 (6th Cir. Aug. 20, 2008). Moreover, "[a]llegations that the prisoner has faced danger in the past and allegations that are conclusory, ridiculous, or clearly baseless do not suffice to allege imminent harm." *Tucker v. Pentrich*, No. 10-1388, 2012 WL 1700701 at *1 (6th Cir. May 15, 2012).

Plaintiff has accumulated three strikes within the meaning of 28 U.S.C. § 1915(g). *See Rittner v. Dennis*, No. 3:04 CV 7585 (N.D. Ohio Nov. 15, 2004); *In Re: Rittner*, No. 3:17 mc 46 (Oct. 23, 2017); *Rittner v. Perez*, No. 3:17 CV 1862 (Jan. 1, 2018). Because Plaintiff has accumulated three strikes pursuant to 28 U.S.C. § 1915(g), the Court must decide whether he has adequately pled that he was under "imminent danger of serious physical injury" at the time his Complaint was filed. Plaintiff alleges that in January 2016, the Defendants ordered him to perform work that was contrary to his medical restrictions. He contends one of the Defendants, Simpson, was fired after the incident. That incident occurred over a year before Plaintiff filed this Complaint. There is no suggestion he was in imminent danger of physical injury at the time the Complaint was filed. Accordingly, the Court finds the "imminent danger" exception to § 1915(g) does not apply in this case.

## Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is denied and this action is dismissed, without prejudice, under 28 U.S.C. §1915(g). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. If Plaintiff wishes to proceed with this action, he must pay the entire filing fee of $400 within thirty days of the date of this Order, and then file a Motion to Reopen the Case. The Clerk's Office shall not accept

for filing any further documents, including a Motion to Reopen the Case, unless the filing fee is paid in full. I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge